It must be admitted that if the words"county contingent taxes for Sampson County" were entirely stricken out of the second bond, that the general words which follow, to wit, "that he in all things shall well (63) and truly perform the office of sheriff of the county of Sampson," would embrace the obligations for which this action is brought. But it is alleged that these general words shall be restricted by the special duties prescribed by the preceding clause, and that they are to be understood as relating to his duties touching the collection of the county contingent taxes, and none others. If these special words were properly there, and were such as this bond, as an official one, would enforce, I admit the correctness of this argument, for it would be contrary to the intent of the parties to extend the general words to other duties than those which grew out of or properly belong to the special ones; for general expressions, when superadded to special ones, are introduced from a consciousness of our inability to foresee and point out beforehand all that may be required in regard to the special ones. It is therefore nothing but fair construction to confine them to special things, before spoken of, or to things of a like kind. The question presented is, however, nothing but a question of intent. If, therefore, that intent can be collected from the transaction itself, either verbal or written, it is sacrificing substance to form to adopt such a rule of exposition. I would premise that the law does not, in this case, prescribe the form of the bond; it directs, in the act of 1784, that the sheriff shall give bond in the sum of $2,000, payable to the Governor, that he will collect from the tax gatherers the county tax, and pay it over to the district treasurers; and where the office of tax gatherer was abolished, and the sheriff directed to collect the taxes immediately from the people, nothing is said about his giving bond for that purpose, nor is he required by our acts to give bond for the public taxes except by the act requiring him to collect the county and poor tax he is directed to give bond to the chairman of the court for the faithful collection of these taxes, as wellas for the public taxes. Thus by implication only, recognizing that he was bound to give bond for the (64) public taxes. According to our decisions (which I still approve of), if the form of an official bond had been prescribed, and afterwards other duties are added, a bond given in the prescribed form, if that form is sufficiently broad to embrace those superadded duties, will enforce their performance; for although the duties were not in existence (if I may use the *Page 46 
expression) when the form was prescribed, yet they were when the bond was given, and the words thereof embracing them, they are therefore within its obligations. If the words of this bond embrace the duties of the sheriff as collector we may fairly infer that it was so intended, for there is no prescribed form. It is payable to the Governor, in the sum required by law, conditioned for the faithful discharge of his duties as sheriff. The bond and the condition are consistent; it is payable to him who superintends the execution of the public law in regard to taxes; it is in the sum prescribed, and the duties of sheriff relate to the collection of the public tax; there is nothing but the words "county contingent tax" to contradict this. Why were they inserted? By design, as expressive of the intent? It is presumed not, for the Governor has nothing to do with the collection of the county tax; as an official bond, and such this was designed to be, it is upon this supposition a perfect nullity. It is fair to presume that the words meant something. If they were inserted by a mistake, thinking they embraced the public tax, under the name of county contingent tax (although that mistake would not make them embrace the public tax, if in fact they did not), yet it would prevent them
from controlling general words which do embrace them, and were intended to do so; if they were inserted by mere inadvertence, without thinking of their meaning, it would produce the same result. I am inclined to think, therefore, that the general words are not restrained by the special ones; (65) that the rule which excludes them is a mere rule of construction to ascertain the intent, and that special words inserted through ignorance or mistake, as it is evident those were, are without the spirit of the rule, and, therefore, without the rule itself.
As to the objection to the certificate, it does not appear to be in due form, but it is unnecessary to set aside the verdict when the result will be the same. The judgment is regular; if the objection had been made at the time it was entered, I think it would have prevailed, and although it may be said that the defendants had no notice, and could not have objected, yet it is a form of proceeding directed by the Legislature and sanctioned for more than thirty years. It is true that any objection which goes either to show that the judgment is void, or for too much, will be considered by the Supreme Court as not waived or lost by not being made, when in fact no opportunity of defense was open; but it is not so as to the regularity of the evidence, when it appears that the evidence, irregular as it *Page 47 
was, spoke the truth. It is not like an objection made to the regularity of the evidence of trial.
I am sorry, therefore, that I cannot concur with my brethren. I think that the judgment should be affirmed.
Judgment of the court reversed and rule made absolute.
Judgment reversed.
Approved: Governor v. Matlock, post, 214; Winslow v. Anderson, 20 N.C. 6; Jones v. Montford, ibid., 70; S. v. Bradshaw, 32 N.C. 229;Keaton v. Banks, ibid., 381; Powell v. Joplin, 47 N.C. 400; Eaton v. Kelly,72 N.C. 110; McLean v. Holt, 75 N.C. 347; Prince v. McNeill,77 N.C. 398; Wilmington v. Nutt, 80 N.C. 265; Scott v. Kenan,94 N.C. 296; County Board v. Bateman, 102 N.C. 52; Commissioners v. Sutton,120 N.C. 301.